

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00166-CR

_____

JAMES WESLEY PIERCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 14-0308X

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

James Wesley Pierce pled guilty to sexual assault of a child[1] and indecency with a child[2] and was placed on ten years' deferred adjudication community supervision. Subsequently, the State filed a motion to adjudicate guilt, alleging that Pierce had committed three different violations of the conditions of his community supervision. Pierce pled not true to each of the alleged violations, and following a bench trial, the trial court entered a judgment adjudicating guilt and sentencing Pierce to five years' incarceration. Pierce appeals.

Pierce's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Pierce and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire. Additionally, counsel provided Pierce with a complete copy of the record in this case.

---

[1]TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2019).

[2]TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019).

By letter dated January 15, 2019, this Court advised Pierce that his pro se response was due on or before February 14, 2019. By letter dated February 21, 2019, Pierce was advised that the case would be submitted on March 14, 2019. Pierce did not file a pro se response or a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[3]

Ralph K. Burgess
Justice

Date Submitted:     March 14, 2019
Date Decided:       April 5, 2019

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.